IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DOROTHY FUSHIA,**

       Plaintiff,

vs.                                         Civ. No.  97-1245 SC/LCS

**KENNETH S. APFEL, Commissioner**
**Social Security Administration,**

       Defendant.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS**
**AND RECOMMENDED DISPOSITION**

**Proposed Findings**

      This matter comes before the Court upon Plaintiff's Motion to Reverse, filed on June 26, 1998.  The Commissioner denied Plaintiff's request for both disability insurance and supplemental security income benefits.  Plaintiff alleges disability due to poor vision, depression, back and foot pain, hypertension and seizures.  She has not worked since September, 1994.  At the time of the administrative hearing, she was 48 years old.  She had completed high school and had nurse's aide training.

      The Commissioner denied Plaintiff's applications for benefits both initially and on reconsideration.  After conducting an administrative hearing, the Commissioner's administrative law judge (ALJ) likewise denied the applications.  The Appeals Council did not review the ALJ's decision, thus the final decision of the Commissioner is the ALJ's decision.  Plaintiff now seeks review of that final decision pursuant to 42 U.S.C. § 405(g).

      The standard of review in social security appeals is whether the Commissioner's final

decision, in this case the ALJ's decision, is supported by substantial evidence, and whether the ALJ applied the correct legal tests. *Thompson v. Sullivan,* 987 F.2d 1482, 1487 (10th Cir. 1993).

The Plaintiff raises two allegations of error with respect to the ALJ's decision: a.) the ALJ erred in not crediting her treating physician, Dr. Devitt's opinion that she met one of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpt. P, App. 1, specifically, depressive syndrome; and b.) The ALJ erred in relying on the Medical -Vocational Guidelines (Grids) to determine that she was not disabled, as her non-exertional impairments should have precluded such reliance.

"To qualify for disability benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity." *Id.* at 1486 (citing 42 U.S.C. §423 (d)(1)(A)).  To determine disability, the Commissioner has established a five step sequential evaluation process. Id.  The sequential evaluation process ends if at any step the Commissioner finds that the claimant is disabled or not disabled. *Id.*  (citations omitted).

At the first three levels of the sequential evaluation process, the claimant must show that 1) she is not engaged in substantial gainful employment; 2) she has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; and 3) the impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1.  *See* 20 C.F.R. §404.1520, §416.920.  If the claimant cannot show that she has met or equaled a listing, then the claimant must show at step four that she is unable to perform past relevant work.  *Id*.  At the fifth step, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other substantial

gainful activity considering the claimant's age, education, and prior work experience. *Id.*

The Plaintiff argues first that the ALJ erred in making his step three finding that her condition did not meet the presumptively disabling impairments listed in 20 C.F.R. Pt. 404, subpt. P, app. 1. Plaintiff relies on a November 20, 1995 report from Dr. Neal Devitt, her treating physician, who opined that Plaintiff's depression was of sufficient severity to meet listing 12.04., and that, in his opinion, it rendered her unable to engage in substantial gainful activity. Tr. 162. The ALJ weighed this testimony against the testimony of Dr. Hillman, who examined Plaintiff on January 30, 1995. While not offering a direct opinion about her capacity to engage in substantial gainful activity, Dr. Hillman noted that Plaintiff's depression only "moderately" impaired her ability to function in her occupation. Tr. at 125-127. Dr. Hillman's report constitutes substantial evidence that Plaintiff's depression is not presumptively disabling. The ALJ credited Dr. Hillman's report because, unlike Dr. Devitt, Dr. Hillman was a mental health professional. This is a correct application of the law. See 20 C.F.R. 404.1527(d)(5). Accordingly, I propose finding no reversible error in the ALJ's step three determination.

Plaintiff next argues that, even if she is not determined to be disabled at step three, she should have been found disabled at step five. At this step, the Medical Vocational Guidelines (grids) are used to determine whether jobs exist in the national economy for individuals with the residual functional capacities of the Plaintiff. To apply the grids, the ALJ must make findings of fact as to age, education, work experience and residual functional capacity. These findings are factored into the grids to generate a conclusion of disability or non-disability. See 20 C.F.R. Secs. 404. 1545 - 1570. However, since the grids are based on the assumption that the claimant's sole limitations are exertional, it is error to rely exclusively on the grids to make a determination of

3

non-disability if significant non-exertional impairments exist. *Channel v. Heckler*, 747 F.2d 577, 583 (10th Cir. 1984).

In the present case, the ALJ determined that, applying the grids alone, Plaintiff would not be considered disabled. Tr. at 21, finding 11. He then went on to state that, while she had non-exertional impairments, they did not significantly compromise her ability to perform the full range of light work. Id., finding 12. Accordingly, he relied on the determination mandated by the grids. Id.

The problem with this analysis is that the ALJ had already found that the Plaintiff's non-exertional impairments: severe back and leg pain, seizures, hypertension, vision problems and depression[1], did compromise her capacity to perform the full range of light work; he found that she could in fact do only simple, repetitive tasks, and could not tolerate more than a mildly stressful working environment. Tr. at 20, finding 6. The inconsistency between findings 6 and 12 should have been resolved before the ALJ relied on the grids. If finding 6 stands, (and it has not been argued by either side that it is not supported by substantial evidence) the ALJ did not apply the correct law in determining that Plaintiff was not disabled. *See generally, Ragland v. Shalala*, 992 F.2d 1056, 1058 (10th Cir. 1987). Rather than relying on the grids, the Commissioner should have determined whether a substantial number of light work jobs exist in the national economy which require only simple, repetitive tasks in a non-stressful or only mildly stressful environment.

---

[1]The ALJ found that Fushia's testimony, particularly as to her pain, was not fully credible. Tr. At 20, finding 4. Nevertheless, he seemed to accept that her pain constituted a severe non-exertional impairment. Id., finding 3. Plaintiff contended that the ALJ erroneously discounted her claims of pain; however, my recommendation to remand does not require resolving this issue.

*Compare Evans v. Chater,* 55 F.3d 530, 532 (10th Cir. 1995). The Commissioner must determine whether there are one or more occupations with a significant number of available positions which Plaintiff could perform despite her reduced functional capacity. *Id.*

### Recommended Disposition

Because I find that the ALJ did not apply the correct law in relying on the grids to determine that Plaintiff was not disabled, I recommend that this case be remanded so that the Commissioner can reperform the step five analysis using the correct legal standard: whether there are one or more light work occupations with a significant number of positions which require only simple repetitive tasks in an unstressful or an only mildly stressful environment.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE